```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

HOWARD COUNTY, MARYLAND         *

            Plaintiff           *

      vs.                       *    CIVIL ACTION NO. MJG-14-801

THE HOWARD HUGHES CORPORATION   *

            Defendant           *

*      *      *      *      *      *      *      *      *
```

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Dismiss [Document 17] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Defendant seeks dismissal pursuant to Federal Rule 12(b)(6) (for failure to state a claim).

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6)[1] tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

To avoid dismissal pursuant to Rule 12(b)(6), a Plaintiff's "[f]actual allegations [need only] be enough to raise a right to

---

[1] All "Rule" references herein are to the Federal Rules of Civil Procedure.

relief above the speculative level," thereby nudging the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1974 (2007). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff.

In the First[2] Amended Complaint [Document 16], Plaintiff Howard County, Maryland ("the County") presents claims based, alternatively, on theories of breach of contract, quantum meruit, unjust enrichment and detrimental reliance/promisory estoppel. All claims are premised upon the basic allegation that the Defendant obtained benefits from the County in connection with its participation in some portion of the Tax Increment Financing process. Thus, according to the County, by virtue of an alleged (unwritten) contract or otherwise, Defendant owes the County $106,161.50 for services it rendered.

The instant motion is based upon the defense contention that all claims made by the County are inconsistent with the legislation regarding the Tax Increment Financing Application Fee, Resolution No. 76-2008 ("the resolution). The Resolution provides:

---

[2] The County, apparently, assumes that there will be a Second.

TAX INCREMENT FINANCING APPLICATION FEE

Those persons who apply to the County for approval of a Tax Increment Financing (TIF)District, authorized by the Maryland TIF Act codified at Section 14-201, et seq. of Article 41 of the Annotated Code of Maryland, agree to ay the costs incurred by the County associated with processing the TIF Application including, without limitation, Costs of consultants' review of the financial data, outside legal counsel and Administrative expenses in reviewing the TIF Application.

PRE-APPLICATION SCREENING FEE: $2,500 per proposal to cover the costs of outside professional services and staff time required to make a preliminary assessment as to the viability of the project.

APPLICATION FEE: $50,000 to be paid at the time of the application, and agreement, via signed letter of intent, to cover the County's associated costs and expenses incurred in addition to the Pre-Application Screening Fee.

TOTAL FEE: All amounts incurred by the County for financial, legal, and other consultants related to review of the Application, and all administrative expenses actually incurred by the County in processing the Application.  Administrative expenses include County staff time expended in reviewing the Application, which shall be billed at the individual staff person's hourly rate.  Costs and expenses which exceed the Application Fee shall be billed and paid as they are incurred, but shall be fully aid prior to the introduction of the legislation to establish the development and special taxing districts and authorize the issuance of the TIF Debit.

REFUND: If the Application Fee collected exceeds the actual costs and administrative expenses associated with the review of the Application, the excess shall be refunded to the Applicant.

Based upon the County's factual allegations, there is a plausible, at least, basis for the proposition that its claims are not inconsistent with the Resolution.  It is at least plausible that the Resolution, directed to "persons who apply" is not applicable to Defendant, not a person who applied.  Hence, the Defendant, not subject to Resolution is not legislatively deemed to have made an agreement to pay costs.  However, the Defendant may have in fact agreed.  Moreover, it is at least plausible that the Resolution – not applicable to Defendant – has no effect upon any right of the County to obtain the recovery it seeks on any of its stated grounds.

Accordingly:

1. Defendant's Motion to Dismiss [Document 17] is DENIED.

2. Defendant shall file its Answer by August 25, 2014.

3. By August 29, 2015, the parties shall file an agreed statement, or separate statements, setting forth dates for:

    a. The conclusion of fact discovery.

    b. The respective party's identification of any expert witnesses with Rule 26(a)(2) information.

    c. The filing of any summary judgment motion.

SO ORDERED, on Monday, August 4, 2014.

```
                                    /s/
                              Marvin J. Garbis
`                          United States District Judge
```